```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**BRANDON MARKER,**

    Movant

v.                                           CIVIL ACTION NO. 2:04-01161
                                                 (Criminal No. 2:02-00084-1)

**UNITED STATES OF AMERICA,**

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is movant's motion pursuant to 28 U.S.C. § 2255, filed October 27, 2004, seeking the vacatur, set aside, or correction of his December 18, 2002, sentence of 131 months imprisonment imposed following his guilty plea to (1) aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 and (2) using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) the court received the proposed findings and recommendation of the United States Magistrate Judge, filed on February 7, 2006. Movant then filed a document entitled "Motion for 28 U.S.C. §

1

2255 Based on the Decision in United States v. Booker as Applied to the Statute Requiring Retroactive Consideration" on February 21, 2006.  This "Motion" (hereinafter "objections") was appropriately docketed as objections to the proposed findings and recommendation.  A review of the objections reveals that the movant was aware of the magistrate judge's proposed findings and recommendation inasmuch as portions of the proposed findings and recommendation are quoted verbatim.

In the objections, movant contends he was sentenced in violation of the principles articulated by the United States Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S.Ct. 738 (2005).  As the magistrate judge noted, the United States Court of Appeals for the Fourth Circuit has held that neither Blakely nor Booker is available for post-conviction relief sought by federal prisoners whose convictions became final before the decisions in those cases. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  It is undisputed that movant's conviction became final on or about October 29, 2003, well prior to the United States Supreme Court's decisions in both Blakely and Booker, and, thus, those cases are of no assistance to movant in his collateral challenge.

2

**Based upon the foregoing discussion and the proposed findings and recommendation of the magistrate judge, who fully considered and reported on all of the matters that are subsequently recited in movant's objections, the court adopts and incorporates herein the entirety of the proposed findings and the recommendation that relief be denied movant. The court accordingly concludes that movant's section 2255 motion should be denied.**

**It is, therefore, ORDERED that the movant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied.**

**The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.**

```
                              DATED: June 26, 2006


                              _____
                              John T. Copenhaver, Jr.
                              United States District Judge
```